ROGER C. McALLISTER, Respondent, *v.* GEORGE K. BUDD *et al.*, Appellants.

*Bills of Exchange—Agent.*—An agent who draws a bill of exchange upon his principal in settlement of a debt due by the principal to the payee, does not thereby make himself liable to the payee as drawer of the bill upon protest for nonpayment. If the bill had been negotiated he might have been bound to an innocent holder.

*Appeal from St. Louis Court of Common Pleas.*

*Krum & Decker*, for appellants.

No principle of law is better established than that an agent, acting within the scope of his authority, cannot be held personally liable. That where an agent, by his contract, makes the principal liable, he is not held individually; especially where a corporation is principal, which can act only by agents.

The insurance company was bound by the act of Budd in drawing the bill, and parol evidence was admissible to charge them upon the note in an action at law. (3 Am. Jur. 78 & 79; Spittle v. Lavender, 8 Mees & W. 452; Conro v. Port Henry Iron Co. 12 Barb. 54; Robinson v. City of St. Louis, 28 Mo. 488; Smith v. Alexander, 31 Mo. 194; McTyer v. Steele, 26 Ala. 488.)

Certainly the company was liable in equity. (Baker v. Gregory, 28 Ala. 545; Story on Ag. § 162; Baykin v. McLauchlin, 35 Ala. 288.)

The subsequent ratification of the insurance company relates back and binds the company. (Chitty on Bills, p. 31–2 & n.; Conro v. Port H. Iron Co. 12 Barb. 54; Spittle v. Lavender, 8 M. & W. 452.)

The adjudged cases are mostly cases of absolute promises made by agents, as by promissory notes, &c.; and even in these cases the tendency of late years has been to inquire into the real intention of the contracting parties—such has been the evident tendency in this State. (Smith v. Alexander, 31 Mo. 194.)

But the distinction between the liability of the drawer and the maker of a note should be kept in mind. A note contains a positive, absolute promise to pay; a bill is a mere assignment of funds in the hands of the drawee, and at most imports a conditional obligation to pay. An endorsement of a note is also a conditional liability to pay, but not necessarily so. An endorser may show that the endorsement was merely a transfer of his interest in the bill as agent. (Moot v. Hicks, 1 Cow. 513; Babcock v. Beman, 1 Keen. 200.)

A drawer of the bill, after acceptance, stands in the same relation to it that an endorser holds to a note. The same rules of law apply to him, and none other; his liability is no greater. (Hicks v. Hinde, 9 Barb. S. C. R.; Lefevre v. Lloyd, 5 Taunt. 749; Leadbeter v. Farrow, 5 M. & S. 345; Mayhew v. Prince, 11 Mass. 54; Smith v. Spalding, 13 Mo.; Roberts v. Austin, 5 Whart. 313; overruling same case in 2 Mills, 254; Wolff v. Jewitt, 10 La. 389; Krumbar v. Lubslung, 3 Martin, 644; Hicks v. Hind, 9 Barb. 528; Smith v. Alexander, 31 Mo. 194.)

*Mc Clelland & Moody*, for appellants.

The defendant was an agent only. The court held that the party claiming to have acted as an agent was liable as principal. This was erroneous. (Smith v. Alexander, 31 Mo. 194; 10 Wend. 271; 1 Am. L. C. 449; Brockway v. Allen, 17 Wend. 40; Dyer v. Burnham, 25 Maine, 10; Campbell v. Nicholson, 12 Rob., La., 428; Key v. Parkman, 6 Har. & John. 418; Andrews v. Estes, 11 Maine, 267; Robertson v. Pope, Rich., S. C., 501; Sto. on Agency, § 154; F. & M. Bank v. Troy City Bank, 1 Doug., Mich., 457; Mer. Bank v. Bank of Columbia, 5 Wheat. 326; Bank of Utica v. Meagher, 18 John. 341; Mott v. Hicks, 1 Cow. 513; Miles v. O'Harra, 1 Sarg. & R. 32; Wyman v. Gray, 7 Har. & J. 409; Lazarus v. Shearer, 2 Ala. 719; Underhill v. Gibson, 2 N. Hamp. 352; Cleveland v. Stewart, 3 Kel. 283; Kean v. Davis, 1 Zab. 683; A. & M. R.R. Co. v. Middleton, 20 Ill. 629; Hicks v. ~~Hucks~~, 6 How. Prac. R. 1.)

*F. C. Sharp*, for respondent.

On the trial, two questions were raised by appellants. 1. That by the bill on its face, they were not drawers, or individually liable thereon, as they made the bill only as agents; and, 2. That appellants, in making the bill, acted as agents of said insurance company; that respondent knew that fact, and that it was competent for them, by parol evidence, to explain and alter the nature of their liability as drawers of the bill. By the terms of the bill, it purported to be, and was, the bill of the appellants. (See Sto. Ag., § 155–9, 269–274 & 278, as to the legal effect of bills and notes drawn, endorsed or accepted, showing that by such signature a personal liability attaches; Lefevre v. Lloyd, 5 Taunt. 749; Jones v. Littledate, 6 Ad. & El. 486; Smythe v. Spalding, 13 Mo. 530; Forster v. Fuller, 6 Mass. 58—there the note was made as guardian of Ed. Scott; Duvall v. Craig, 2 Wheat. 56, and n. *a.*, and authorities there cited; Tippetts v. Walker, 4 Mass. 597; Stone v. Wood, 7 Cow. 453, and cases there cited.)

As to the second proposition, it is as well settled as any other principle or maxim of the law that parol evidence is not admissible to alter, explain, enlarge or contradict a writing, or to vary the liability of the parties thereto from what is the legal effect and construction of the instrument itself; and that a person who, on the face of an instrument in writing, appears to contract, will not be permitted to show by parol evidence, with a view to exonerate himself, that he contracted as agent of another. (2 Phil. Ev., Cow. & H. Notes, p. 681 and following; 1 Greenl. 275, 364 and following; Hunt v. Adams, 7 Mass. 518; Jones v. Jeffries, 17 Mo. 577.)

BATES, Judge, delivered the opinion of the court.

This suit charges the defendants as drawers of a bill of exchange, as follows:

"$1303 12.—ST. LOUIS, Dec. 1, 1858.    Three months from date, pay to the order of Messrs. McAllister & Co. thirteen hundred and three $\frac{12}{100}$ dollars, value received, and charge

the same to account of—Geo. K. Budd & Son, Agents. To State Fire and Marine Insurance Co., Harrisburg, Pa."

The plaintiff was meant by the name McAllister & Co. The bill was accepted by the drawee, but not paid, and was protested for nonpayment, and notice given the defendants.

The defendants answered that they, as the authorized agents of said company, with full authority so to do, drew said bill of exchange as and for the bill of said company; that it was the act of said company by them as its authorized agents, and not in any sense the act of these defendants; that they received no value, nor any other consideration for said bill. Said bill was made by said company through the agency of these defendants for a debt due from said company to the plaintiff, and was received by him as the bill of said company, drawn by it upon itself, he at the time well knowing and intending that said George K. and Charles P. Budd were not in any way to be held bound for its payment.

At the trial, the defendants gave evidence tending to prove the matters stated in their answer, and asked the court to instruct "that if the defendants, at the time they drew the draft in question, were acting as the agents of the State Fire and Marine Insurance Company of Pennsylvania; that the said draft was given in settlement of a debt due from said insurance company to McAllister & Co.; that the plaintiff, at the time he took said draft, knew that George K. Budd & Son were the agents of said insurance company; and if the court also finds that the said George K. Budd & Son were authorized to make said draft, then the plaintiff cannot recover in this action."

The court refused to give that instruction and rendered judgment for the plaintiff.

We think the court below erred. A bill drawn under such circumstances cannot, in the hands of the payee, be understood to have been received by him as negotiable commercial paper, but rather as a certificate from the agents to their principal of the amount due its creditors. (1 Par. on Notes and Bills, 94, and the cases there cited in the notes.)

If the bill had been negotiated, the defendants might have been bound to an innocent holder.

The proper mode of drawing such a bill is to sign the name of the principal by the agent.

Judgment reversed and cause remanded. Judges Bay and Dryden concur.